IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MILO A. WILSON | ) | Case No. 17-12483-JDL |
| | ) | |
| Debtor. | ) | Chapter 13 |

| | | |
|---|---|---|
| MID-CENTURY INSURANCE COMPANY, INC. A Foreign For Profit Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Adv. Case No. 17-01056 |
| MILO A. WILSON, | ) ) | |
| Defendant/Debtor. | ) | |

### AMENDED MOTION TO DISMISS, NOTICE OF OPPORTUNITY OF HEARING AND BRIEF IN SUPPORT

Defendant, Milo A. Wilson, respectfully moves the Court to dismiss this action pursuant to Fed. R. Bankr. P. 7012(b)(6) for failure to state a claim upon which relief may be granted because Plaintiff has previously brought this same non-dischargeability action pursuant to 11 U.S.C. §§ 523 (a)(2), (4), (6). Plaintiff's second attempt to argue the same claim is barred by the doctrines of issue preclusion and claim preclusion.

### BRIEF IN SUPPORT

### INTRODUCTION AND STATEMENT OF THE CASE

Plaintiff's Complaint seeks for the Court to determine that the debt owed to it to be determined non-dischargeable according to 11 U.S.C. §§ 523(a)(2), (4) and (6). Plaintiff is re-alleging the same facts as it was alleged in *In Re Wilson, United States Bankruptcy Court,*

1

*Western District of Oklahoma, 06-13070-NLJ, Adv. 06-01388-NLJ*. The facts in the current complaint and the previous complaint that was filed on December 20, 2006 are the same and stated as follows:

Debtor fraudulently obtained insurance proceeds from Creditor when Debtor reported his wife's Acura Sedan as stolen, and Debtor unlawfully converted insurance proceeds when he forged his wife's endorsement and took possession of the funds individually. On the 30th day of April, 2004, Judgment was entered in favor of Creditor and against Debtor on the basis of fraud. *Mid-Century Insurance Company, Inc. v. Wilson, District Court of Oklahoma County, State of Oklahoma, CJ-2003-6255*.

Thereafter, the Debtor filed a Chapter 13 Bankruptcy requesting the discharge of said debt minus any applicable plan payments to unsecured creditors. Creditor initiated an adversary proceeding culminating in An Agreed Order determining the debt to be non-dischargeable. *In Re Wilson, United States Bankruptcy Court, Western District of Oklahoma, 06-13070-NLJ, Adv. 06-01388-NLJ*.

## ARGUMENT

**I. Plaintiff's entire lawsuit is barred by the doctrine of res judicata.**

"The doctrine of res judicata, or claim preclusion, will prevent a party from relitigating a legal claim that was or could have been the subject of a previously issued final judgment." MACTEC, Inc. v. Gorelick, 427 F.3d 821, 831 (10th Cir. 2005).

> Res judicata is "central to the purpose for which civil courts have been established," namely "the conclusive resolution of disputes within their jurisdictions." *Montana v. United States, 440 U.S. 147, 153…(1979)*. "[A] party who has had full opportunity to present a contention in court ordinarily should be denied permission to assert it on

some subsequent occasion." *Geoffrey C. Hazard, Res Nova in Res Judicata, 44 S. Cal. L. Rev. 1036, 1043 (1971).* This bar protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana 440 U.S. at 153-54...*

*Park Lake Resources Ltd. Liability v. U.S. Dept. Of Agr., 378 F.3d 1132, 1135 (10th Cir. 2004).*

Res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. Gen. Mills Rests., Inc., 124 F.3d 1255, 1257 (10th Cir. 1997).*

The first element is met. A judgment was reached on the merits in Plaintiff's prior complaint that was filed December 20, 2006. An Agreed Order was entered on October 16, 2007 determining that the defendant "obtained the sum of $29,380.35 from Mid-Century in violation of 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4) and that the same amount is determined to be non-dischargeable under 11 U.S.C. § 523(a)(2)(A) and 523(a)(4)." *In Re Wilson, United States Bankruptcy Court, Western District of Oklahoma, Adv. 06-01388-NLJ.*

The second element is met. The Plaintiff's previous complaint involved the same parties or their privies. Plaintiff's previous complaint filed December 20, 2006 was styled Mid-Century Insurance Company v. Milo A. Wilson, United States Bankruptcy Court, Western District of Oklahoma, Adv. 06-01388-NLJ. The current complaint has the same identical parties as the previous complaint.

The third element is met because Plaintiff has brought the same cause of action in the two proceedings. This circuit embraces the transactional approach to the definition of "cause of

3

action." *See Petromanagement Corp. v. Acme_thomas Joint Venture, 835 F. 2d 1329, 1335 (10th Cir. 1988) (citing Restatement of Judgments § 24 (1980)).* Under this approach, a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence. *953 F.2d 1235, 1238-39 (10th Cir. 1992); May, 899 F.2d at 1009; Jarrett v. Gramling, 841 F.2d 354, 357-58 (10th Cir. 1988).* The Plaintiff's current complaint and previous complaint that was filed stems from the same debt born out of fraud that that was previously determined to be non-dischargeable.

The last element is met as well. Res judicata further requires that the party had a full and fair opportunity to litigate the claim in the prior suit. See *Sil Flo, Inc. V. SFHC, Inc. 917 F.2d 1507, 1520 (10th Cir. 1990) (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461. 481, n. 22, 102 S.Ct. 1883, 1897, n. 22, 72 L.ED.2d 262 (1982)).* A failure of this type is evidenced by "a deficiency that would undermine the fundamental fairness of the original proceedings." *Petromanagement, 835 F.2d at 1334*. The fairness of the process is determined by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was limited by the nature or relationship of the parties. *See Sil-Flo, 917 F.2d at 1521*. Defendant filed a Chapter 13 Bankruptcy on November 16, 2006 and Plaintiff initiated an adversary proceeding on December 20, 2006, which culminated in an Agreed Order determining the debt to be non-dischargeable. Therefore, Plaintiff had a full and fair opportunity to litigate the claim in the prior suit.

## II. **Plaintiff is collaterally estopped from relitigating its complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. §§ 523(a)(2), (4), and (6).**

The doctrine of collateral estoppel or issue preclusion is similar to the doctrine of claim preclusion but presents a separate basis for dismissal.

4

> Issue preclusion requires, at minimum, that the party against whom it is being asserted was either a party to or a privy of a party to the prior action and that the issue subject to preclusion have actually been adjudicated in the prior case in which said issue was necessary or essential to its outcome, but the doctrine does not require the successive causes of action to be the same.

*Feightner v. Bank of Okla., N.A., 65 P.3d 624, 629 (2003).* "[O]nce an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Montana v. United States, 440 U.S. 147, 153 (1979).*

Issue preclusion differs somewhat from claim preclusion in that issue preclusion requires that the issue has been decided; whereas claim preclusion applies even if the claim was not raised in the prior litigation as long as it could have been. *See B-S Steel of Kan., v. Texas Industries, Inc., 439 F.3d 653, 661-62 (10th Cir. 2006) ("In contrast to res judicata, the doctrine of collateral estoppel, also known as issue preclusion, attaches only when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.").* Claim preclusion requires identical parties (or their privies) whereas, issue preclusion can be invoked by one not party to the initial adjudication as long as the party against whom issue preclusion is invoked was a party to the initial adjudication.

Both doctrines apply here. For the reasons discussed above, the elements of collateral estoppel are also satisfied; therefore, Plaintiff is collaterally estopped from relitigating its claim regarding the non-dischargeability of a debt.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's complaint should be dismissed because all of the issues raised here have or should have been raised in Plaintiff's previous adversary complaint filed on December 20, 2006.

## **NOTICE OF OPPORTUNITY FOR HEARING**

Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document. If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 14 days from the date of filing of this request for relief. You should also serve a file stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice. The 14 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006 (f).

Respectfully Submitted,

/s/Dekovan L. Bowler
DEKOVAN L. BOWLER OBA #15193
BOWLER & ASSOCIATES P.C.
8333 S.E. 15th Street
Midwest City, OK 73110
dlbowler@hotmail.com
(405) 733-3000 Office
(405) 455-3558 Fax
**ATTORNEY FOR THE
DEBTOR/DEFENDANT**

## **CERTIFICATE OF SERVICE**

This is to certify that on the 3rd day of October, 2017, a true and correct copy of the above and foregoing Motion was mailed first class postage prepaid to the following: Mid-Century Insurance Company, Inc., In c/o: Adam N. Bush, Bush Law Offices, P.O. Box 2574, Oklahoma City, OK 73101.

/s/Dekovan L. Bowler
Dekovan L. Bowler